IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| WESTERN HERITAGE INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-6152-CV-SJ-ODS ) |
| BRANDT'S INC., d/b/a BRANDT'S FUEL SAVERS and MILDRED COBB, | ) ) ) |
| Defendants. | ) ) |

ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS

Pending is Separate Defendant Brandt's Inc.'s d/b/a Brandt's Fuel Savers ("Brandt's") Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment (Doc. #4). For the following reasons, the Motion is denied.

On August 17, 2005, Mildred Cobb filed a suit in Circuit Court of Buchanan County, Missouri, naming Brandt's and Jason Ingram as defendants and alleging personal injury arising out of an assault and battery committed by Ingram in September 2004. Ingram, then an employee of Brandt's, had installed windows in Defendant Cobb's home three weeks prior to the incident. Plaintiff insured Fuel Savers at the time of the alleged assault and battery. Plaintiff filed this Complaint for Declaratory Judgment for a declaration of Plaintiff's rights and obligations under that policy of insurance. Brandt's filed this Motion to Dismiss requesting the Court decline to exercise jurisdiction over this action, claiming a Missouri state court should resolve the issues raised.

The Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, permits a federal court in a case of actual controversy to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Generally, a federal district court must exercise its jurisdiction over a claim unless there are "exceptional circumstances" for not doing so. Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F.3d 994 (8th Cir. 2005). However, in Wilton v. Seven Falls

Co., the Supreme Court held that a federal district court has much broader discretion in determining whether to exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings. 515 U.S. 277, 282 (1995).

Suits are parallel if substantially the same parties litigate substantially the same issues in different forums. Plaintiff Western has not been made a party to the underlying state court action and the coverage at issue here has not been raised in the state court proceeding.[1] The suit in state court involves Defendant Brandt's liability relating to the alleged assault and battery of Defendant Cobb, whereas this declaratory judgment action involves insurance coverage.

The district court's discretion is limited when no parallel proceedings are pending in state court, because in those circumstances it is less likely that the claims of all the parties in interest can satisfactorily be adjudicated in the state court proceeding. Scottsdale Ins., 426 F.3d 994 at 999. The relevant factors to be considered are:

> (1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue"; (2) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding"; (3) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts"; (4) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending"; (5) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law' "; and (6) "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'-that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'"

Id. at 989.

---

[1]Defendant Brandt asserts it has filed a Motion for Leave to File a Third Party Petition which would assert claims against Plaintiff Western. At this time leave has not been granted and Plaintiff Western is yet not a named Defendant in the state claim. However, as stated above, the Supreme Court adopted a broad discretionary standard and the Court would still exercise its discretion to retain jurisdiction over this declaratory judgment action.

Because the Court has concluded this not a parallel proceeding under <u>Wilton</u>, the answers to the questions set forth in <u>Scottsdale</u> are invariably going to lead to retaining jurisdiction over this action as the issues will not be settled in state court. Unlike the pending state case, this declaratory judgment action would clarify and settle the legal relations in issue and would relieve uncertainty, insecurity and controversy between Plaintiff and its insured, therefore satisfying the first and second factors. As there is no parallel state action pending, the issues raised in this action are separate from those raised in the state action and can only be resolved in this Court, therefore satisfying the third and fourth factors.

There would not be unnecessary entanglement between the federal and state court systems, satisfying the fifth factor. While the factual determinations established in the state case may overlap with those in the instant case, they will not involve Plaintiff Western's duties as an insurer. Rather, they will involve Defendant Cobb's injuries and Defendant Brandt's fault in those injuries. Any overlap of facts does not outweigh the other factors in favor of this Court exercising jurisdiction in this action. Finally, the Court is unable to conclude that Plaintiff Western has used the declaratory judgment action as a procedural fencing device. Weighing the factors stated in <u>Scottsdale</u>, the Court retains jurisdiction over the above-captioned case. Therefore, Defendant Brandt's Motion to Dismiss is denied.

IT IS SO ORDERED.

Date: March 7, 2006  /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

3