IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| WESTERN HERITAGE INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 05-6152-CV-SJ-ODS ) |
| BRANDT'S INC., d/b/a BRANDT'S FUEL SAVERS, and MILDRED COBB, | ) ) ) |
| Defendants. | ) |

ORDER AND OPINION GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Pending is Plaintiff's Motion for Summary Judgment (Doc. #25). For the following reasons, the motion is granted.

## I. BACKGROUND

Plaintiff issued a Commercial General Liability policy of insurance and endorsements thereto to Defendant Brandt's with the effective dates of April 19, 2004 to April 19, 2005. The policy was issued to Defendant at its Missouri address.
On August 17, 2005, Mildred Cobb filed a suit in Circuit Court of Buchanan County, Missouri, naming Brandt's and Jason Ingrim as defendants. In the underlying claim, Defendant Cobb contends she contracted with Defendant Brandt's to install new storm windows at her Missouri home. Ingrim, one of Defendant Brandt's employees, performed the work on her home on August 31, 2004. On September 15, 2004, Defendant Cobb was attacked in her home by Ingrim.

In her underlying petition, Defendant Cobb alleges Defendant Brandt's hired Ingrim, who had multiple convictions for burglary and at the time was on parole from his most recent sentence in the Missouri Department of Corrections, as a window installer. Cobb contends Brandt's knew or should have known that Ingram was a convicted felon and on parole, failed to notify Cobb of Ingrim's criminal history and alleges personal injury arising out of an assault and battery committed by Ingram. She further alleges

Brandt's negligent hiring and/or retention of Ingrim was the proximate cause of her injuries in that it was the "efficient cause" which set in motion the chain of circumstances leading up to the injury.

Plaintiff denies it has a duty to defend or indemnify Defendant Brandt's under the policy for the claims being asserted in the underlying action. The policy provides in part:

1. Insuring Agreement

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

    b.    This insurance applies to "bodily injury" and "property damage" only if:
        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \*

3.    "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful condition.

\* \* \*

## ASSAULT OR BATTERY EXCLUSION

This policy does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of assault or battery or out of any act or omission in connection with the prevention or suppression of such acts, including failure to warn, train or supervise, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

\* \* \*

2

3. **PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION**

This policy does not apply to claim or indemnification for punitive or exemplary damages nor to any form of equitable relief. If a suit is brought against the Insured for a claim falling within the coverage provided by the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action. The Company shall not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages or any form of equitable relief.

Plaintiff filed a Complaint for Declaratory Judgment for a declaration of Plaintiff's rights and obligations under that policy of insurance and seeks summary judgment.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

III. DISCUSSION

Under Missouri[1] law, the interpretation of an insurance policy is a question of law. See McCormack Baron Mgmt. Servs., 989 S.W.2d at 171 (citing Columbia Mut. Ins. Co. v. Schauf, 967 S.W.2d 74, 76 (Mo. 1998)). "The duty to defend arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependant on the probable liability to pay based on the facts ascertained through trial." McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liability Ins. Co., 989 S.W.2d 168, 170 (Mo. 1999) (quoting Butters v. City of Independence, 513 S.W.2d 418, 424 (Mo. 1974)). To determine whether the duty to defend exists, a court must compare the language of the insurance policy with the allegations in the underlying complaint. Id.; see also Stein v. State Farm Fire & Cas. Co., 120 F.3d 909, 910 (8th Cir. 1997). The party seeking to establish coverage under an insurance policy has the burden of proving that the claim is potentially or probably within the coverage afforded by the policy. State Farm Fire & Cas. Co. v. D.T.S., 867 S.W.2d 642, 644 (Mo. App. 1993) (citing Truck Ins. Co. v. Heman, 800 S.W.2d 2, 3-4 (Mo. App. 1990).

The policy excludes coverage for bodily injury arising out of an assault or battery, or arising out of any act or omission in connection with the prevention of an assault or battery. Plaintiff argues the underlying claim is negligent hiring and therefore a separate, non-excluded cause of Defendant Cobb's injuries. Defendants argue Ms. Cobb is alleging her injuries arose out of Brandt's alleged negligence in hiring and retaining a person with burglarizing tendencies to work in a position where he could burglarize again.

Missouri courts consistently hold that negligence actions arising out of an assault and/or battery fall within the exclusionary language and are not covered under the policy. E.g., Capitol Indem. Corp., v. Callis, 963 S.W.2d 247, 249 (Mo. App. 1997). The assault and battery is not incidental to Defendant Cobb's negligence claims. Count I in Defendant Cobb's state court petition asserts a claim of Assault and Battery. Count II

---

[1]The parties do not dispute that Missouri law applies.

incorporates all of the allegations contained in the previous paragraphs, and alleges Defendant Brandt's negligent hiring "set in motion the chain of circumstances leading up to the injury." The damages arise from the assault and battery. Without the underlying assault and battery, there would have been no injury and therefore no basis for plaintiffs' action against Defendant Brandt's for negligence. Hunt v. Capitol Indem. Corp., 26 S.W.3d 341, 345 (Mo. App. 2000). Further, negligently hiring a person with violent propensities that results in an individual being assaulted and battered is an act or omission arising from an assault and battery. Acceptance Ins. Co. v. Winning Concepts of Westport, Inc., 842 S.W.2d 206, 208 (Mo. App. 1992).

## IV. CONCLUSION

Plaintiff's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

Date: October 12, 2006 /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

5